[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#104)
 I. FACTS
This is a tax assessment appeal brought from the action of the board of assessment appeals (the board) of the defendant city of New London. The plaintiff, William Brennan, filed the appeal on June 19, 2000, alleging that the New London tax assessor made a grossly excessive, disproportionate and illegal valuation of certain properties owned by the plaintiff. The plaintiff alleges that the board acted in bad faith by failing to investigate the plaintiff's claim that the assessment of such properties was grossly excessive. In his prayer for relief, the plaintiff asks for a reduction in the assessed value of the property, reimbursement for taxes paid, payment of costs and attorney's fees and additional relief as the court may consider.
On September 7, 2000, the defendant filed a motion to strike the following: paragraph thirteen of the complaint, paragraph five of the prayer for relief, and part of paragraph four of the prayer for relief, on the ground that a claim of bad faith is not available to a plaintiff in a tax assessment appeal; paragraph five of the prayer for relief, on the additional ground that an award of attorney's fees is not available to the plaintiff; and the portion of paragraph three of the prayer for relief referring to years 1998 and 1999, on the ground that taxes paid in those years are not part of the plaintiff's appeal. In oral argument on October 2, 2000, the parties agreed to strike the portion of paragraph three of the prayer for relief regarding the reimbursement of taxes, interest and costs for the years 1998 and 1999.
 II. DISCUSSION
CT Page 1181
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Lombard v. Peters, 252 Conn. 623, 626, 749 A.2d 293
(2000). The court must construe the facts in the complaint most favorably to sustaining its legal sufficiency. Doe v. Yale University, 252 Conn. 641,667, 748 A.2d 834 (2000). "[W]here individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs. . . . A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated." (Citations omitted; internal quotation marks omitted.) Dowd v. D'Addeo, Superior Court, judicial district of Middlesex at Middletown, Docket No. 088165 (January 13, 2000, Arena, J.), Zimmermann v. Connecticut College, Superior Court, judicial district of New London at New London, Docket No. 544623 (July 2, 1998, Handy, J.). Practice Book § 10-39 allows for a claim to be stricken only if the relief sought could not be legally awarded. PamelaB. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998).
General Statutes § 12-117a grants the court jurisdiction to hear an appeal by a property owner from a local board of assessment appeals.[1]
It states in relevant part, "[a]ny person . . . claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals, as the case may be, in any town or city may, within two months from the date of the mailing of notice of such action, make application . . . to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court." Whether a property has been overvalued for tax assessment purposes is a question of fact for the trial court. Newbury Commons Ltd. Partnership v. Stamford, 226 Conn. 92,104, 626 A.2d 1292 (1993). "Only after the court determines that the taxpayer has met his burden of proving that the assessor's valuation was excessive and that the refusal of the board of tax review to alter the assessment was improper, however, may the court then proceed to the second step in a § 12-117a appeal and exercise its equitable power to grant such relief as to justice and equity appertains." (Internal quotations marks omitted.) Konover v. Town of West Hartford, 242 Conn. 727,735, 699 A.2d 158 (1997).
The defendant argues in support of its motion that paragraph thirteen of the plaintiff's complaint should be stricken because a "claim of bad faith is a separate cause of action from the tax appeal," and therefore is not statutorily permissible under General Statutes § 12-117a. For the same reasons, the defendant also argues that the portion of paragraph four of the plaintiff's prayer for relief referring to the payment of costs based upon the bad faith actions of the board should be stricken. CT Page 1182 The defendant further argues that paragraph five of the plaintiff's prayer for relief should be stricken because § 12-117a, the plaintiff's statutory remedy, does not provide for the awarding of attorney's fees.
This court holds that the defendant is procedurally barred from striking paragraph thirteen of the complaint and paragraphs four and five of the prayer for relief because the paragraphs do not state separate causes of action.[2] See Dowd v. D'Addeo, supra, Superior Court, Docket No. 088165; Zimmermann v. Connecticut College, supra, Superior Court, Docket No. 544623. The defendant overlooks the fact that the bad faith allegation is not a separate claim, but is an integral, intertwined part of the plaintiff's prayer for relief, including relief for attorney's fees. "As a substantive matter, this state follows the general rule that, except as provided by statute . . . the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser. . . . That rule does not apply, however, where the opposing party has acted in bad faith. . . . It is generally accepted that the court has the inherent authority to assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." (Citations omitted; internal quotation marks omitted.) CFM ofConnecticut, Inc. v. Chowdhury, 239 Conn. 375, 394, 685 A.2d 1108
(1996), overruled on other grounds, State v. Salmon, 250 Conn. 147, 154,735 A.2d 333 (1999). The term bad faith "implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." (Internal quotation marks omitted.)Habetz v. Condon, 224 Conn. 231, 237, 618 A.2d 501 (1992).
The plaintiff alleges that the board acted in bad faith in the assessment appeal by failing to investigate new information that the plaintiff provided. The plaintiff, for the purposes of relief for attorney's fees, has thus sufficiently alleged bad faith in his appeal from the board's decision. "The court shall have power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable . . . and, upon all such applications, costs may be taxed at the discretion of the court. If the assessment made by the board of tax review or board of assessment appeals, as the case may be, is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes, together with interest and any costs awarded by the court . . ." General Statutes § 12-117a.
This court finds that the holding in Chowdhury, in conjunction with this court's power to grant equitable relief under § 12-117a, gives CT Page 1183 this court discretion to award attorney's fees in tax appeal cases under certain circumstances.[3]
 III. CONCLUSION
In accordance with the foregoing reasons, the defendant's motion to strike is denied.
D. Michael Hurley Judge Trial Referee